Dennistoun *v.* McAllister.

---

GEORGE DENNISTOUN *v.* JAMES McALLISTER, impleaded with SAMUEL TAYLOR.

Where an employer, by his own act, prevents the completion of a contract, a lien may be acquired and enforced for the value of labor or materials performed or furnished in pursuance thereof, to the time of such prevention.

But the claimant cannot, under this statute, enforce a demand for damages against the employer, for a breach of the contract, in preventing its completion by him.

Although a laborer may have a claim against a contractor, which would entitle him to a judgment in an ordinary action; this, of itself, is not sufficient to establish a recovery against such contractor, in a proceeding under the mechanics' lien law.

In order to obtain a judgment even against the contractor only, under this statute, the claimant must go further, and show, not only that he has a legal money demand against such contractor, but that such demand arises upon the performance of work pursuant to an agreement between the claimant and the contractor, and in conformity with a contract between the latter and the owner.

A personal judgment against the owner and contractor jointly, is erroneous, and will be reversed even upon the contractor's appeal.

*It seems,* that where the contractor and owner is one person, a personal judgment may be entered against him for the balance remaining unsatisfied after a sale of his interest in the premises affected by the lien.

Where, in the pleadings and at the trial, the contractor confines himself to the defence that the claimant failed to perform his agreement with such contractor, he will be limited to this objection on appeal, and the existence of a contract between the contractor and the owner will be presumed.

GENERAL TERM, JULY, 1856.
Before INGRAHAM, FIRST J.; and DALY and BRADY, JJ.

THE plaintiff exhibited his complaint in the Second District Court, alleging, in substance, that in pursuance of an agreement with the defendant, McAllister, and in conformity with a contract between the latter and the defendant, Taylor, the claimant, had performed labor in excavating cellars. And he demanded relief, averring that he had pursued the provisions of the act of July 11, 1851, and had acquired a lien, which this proceeding was instituted to enforce.

The defence insisted upon by the contractor in the court below was, that the claimant had failed to perform his contract of employment for the excavation in question.

The testimony established that the work was not completed. From the evidence adduced in behalf of the plaintiff, it appeared that the completion was prevented by the interference of the employer himself. The proofs were contradictory on this point, but the justice determined the question in favor of the claimant, and decided that he was entitled to the price fixed in his agreement with McAllister.

A personal judgment was given against the defendants jointly. The contractor appealed.

*J. S. L. Cummings, Henry M. Alexander* and *Ashbell Green*, for the contractor, made and argued the following points:

I. The judgment should have been for a foreclosure of the lien, and not a personal judgment against the defendant, McAllister. "The judgment authorized by the statute is to enforce the lien." "The proceeding is one to enforce the lien." (*Doughty* v. *Devlin*, 1 E. D. Smith, 644.)

A personal judgment against McAllister, the contractor, is not authorized by the statute. (*Cronkright* v. *Thomson*, 1 E. D. Smith, 663.)

II. There was no proof of any thing being due to McAllister on the contract. The lien could not be foreclosed without such proof. (*Cronk* v. *Whittaker*, 1 E. D. Smith, 647; *Pendleburg* v. *Meade*, 1 E. D. Smith, 728.)

III. It was shown on the trial that McAllister gave Den-

nistoun notice to proceed with his work, or if he did not do so, he would employ some one else; that Dennistoun did not proceed, and that McAllister did employ another person and paid him. This state of facts existing, the justice should not have found for the plaintiff.

*John N. Taylor* and *Henry W. Johnson*, for the claimant, made and argued the following points:

I. The case presents only a disputed question of fact, upon which there was evidence on both sides, and, therefore, the judgment should not be disturbed. The rule is too well settled to admit of doubt, that the verdict of a court or jury, under such circumstances, will not be disturbed on appeal. 1st. It was a disputed question of fact whether or not the plaintiff deserted the work, and refused to fulfill his contract. 2d. It was a disputed question of fact whether or not the defendant, McAllister, prevented the plaintiff from fulfilling his contract. Upon both of these points conflicting testimony was given.

II. The justice, after stating the evidence and his conclusions upon the questions of fact presented before him, says, that he thereupon rendered judgment for the plaintiff. This court is bound to presume that this judgment was a legal one in form, unless the contrary expressly appears. We are at a loss to determine in what respects the judgment is informal. The appellant says the error consists in the fact that the justice rendered a judgment instead of foreclosing the lien. But the judgment is a foreclosure of the lien. The lien law expressly provides what effect the judgment shall have. The justice can give no other effect to it than the law prescribes. Therefore, we submit that there is no error in the judgment appearing on the face of the return. And we further submit, that even if the justice had rendered a personal judgment against the defendant, Taylor, instead of foreclosing the lien, that could not be a ground of appeal by McAllister. He is not injured thereby. Taylor is the only one who would have a right to complain of such judgment.

III. It is perfectly manifest, from the whole return, that it was conceded that Taylor owed McAllister the amount of the respondent's claim. If it was not, why did not Taylor defend the suit, and why did he not appeal when the lien was foreclosed against his property?

By THE COURT. INGRAHAM, FIRST J.—This action is brought under the mechanics' lien law, for excavating cellars. The defendant, McAllister, was the contractor, with the defendant, Taylor. Taylor does not appeal. The appeal is brought by McAllister, the contractor.

The evidence clearly establishes that the contract was never performed by the plaintiff, but that the completion of it was either the result of the defendant's orders or of the refusal of the plaintiff to complete the work without a further advance in the amount to be paid. For the purposes of this appeal, it is immaterial which result is arrived at from the testimony.

By the first section of the act, (September, 1851, p. 953,) the remedy under that act is confined to the party who, in pursuance of an agreement with the contractor, shall, in conformity with the terms of the contract with the owner, perform any labor or furnish any materials; and by the fourth section, the right to enforce such lien is limited to a period after the labor has been performed, in pursuance of the contract.

To entitle the plaintiff to recover, it is therefore necessary for him to prove a contract between the contractor and the owner, and the performance of labor under an agreement with the contractor, in pursuance of the contract with the owner. (*Pendleburg* v. *Meade,* 1 E. D. Smith, 728; *Gardin* v. *Thorp,* id. 697.) No such evidence was furnished in this case; but as the appellant confined himself on the trial to the defence, that the plaintiff had not performed his agreement with the contractor, he must be confined to that objection on the appeal, and the existence of a contract between the appellant and the owner must be presumed.

The whole of the evidence on this point shows that the

Dennistoun v. McAllister.

agreement was not performed. The plaintiff himself proved that the reason why it was not performed was, that the contractor prevented it. For this he had a right of action against the contractor, but under the lien law he obtained no lien on the owner's interest. That statute gives no remedy for damages for not performing a contract. Where the work has been performed, it then gives to the person doing the work the right to collect the moneys due from the owner, if indebted to the contractor. The whole theory of the statute is based on the supposition that the owner has received, through the contractor, the benefit of labor performed by the laborer, and, therefore, should pay for such labor any moneys in his hands belonging to the contractor. Until the work is performed, a right to a lien on the premises does not accrue. The justice found that the plaintiff was prevented from finishing the contract by the act of the defendant, and was, therefore, entitled to the balance due. Whether such a finding could be sustained in an ordinary action on the contract, it is not necessary now to inquire.

I have no doubt, however, that it is insufficient to sustain this judgment for the reasons above stated. For the amount of work done under the contract, where the other party prevents its completion, a lien may be acquired; but such lien cannot be extended to damages for the breach of the contract not performed.

The judgment rendered was defective. The first section of the act (September, 1855, page 760) directs that whenever a judgment shall be rendered in favor of the claimant, such judgment shall direct the sale of the interest of the owner; and the fifth section provides, that when proceedings are commenced by a person having a claim against a contractor with the owner, judgment may be rendered against the contractor for the amount of his indebtedness, in addition to the judgment provided for in the first section against the owner.

The judgment against the contracter is a personal judgment for the amount he owes the laborer, and the judgment against the owner merely directs the sale of his interests

in the premises to pay the amount found due from him to the contractor to the extent of the plaintiff's claim.

Where the owner is the contractor, a liberal construction of these provisions will allow a personal judgment against him for the amount of the indebtedness that may remain after the sale of his interests in the premises.

I think the judgment in this case must be reversed.

Judgment reversed.